UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
        Plaintiff,

                                      Case No. 24-cr-78

    v.

JAMES E. POOLE,
        Defendant.

## SENTENCING MEMORANDUM

The defendant, James E. Poole, is a 19-year-old young man with a proclivity for stealing cars and leading police on high-speed chases. Despite being on some form of state court-ordered supervision from the ages of 16-18, the defendant's conduct only escalated in violence and severity until he committed the armed carjackings for which he is now being sentenced. A significant custodial sentence is warranted under § 3553(a), and the government recommends that this Court impose a total sentence of 171 months' imprisonment for the following reasons.

### I.    PSR Guideline calculations

Although the Sentencing Guidelines are no longer mandatory, they remain the "lodestar" of federal sentencing, "inform[ing] and instruct[ing] the district court's determination of an appropriate sentence." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). The presentence report (PSR) recommends a total advisory sentencing range of 87-108 months on the two carjacking offenses and 84 months consecutive on the

924(c) offense (PSR ¶ 97). In the plea agreement, the government agreed to recommend a sentence at the low-end of the Guidelines, which amounts to a total sentence of 171 months, or 14 ¼ years' imprisonment.

II.   **Applicable standard under § 3553(a)**

Overall, the court must impose a sentence that is sufficient but not greater than necessary. To this end, the court must consider the factors set forth in 18 U.S.C. § 3553(a). *United States v. Harris*, 490 F.3d 589, 593 (7th Cir. 2007). The factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, to afford adequate deterrence, and protect the public from further crimes by the defendant; and to provide the defendant with needed training opportunities or medical care. *See* 18 U.S.C. § 3553(a).

   A. *Nature and Circumstances of the Offenses*

The defendant committed serious, violent, and brazen offenses. On January 29, 2024, at about 7:45 p.m., the defendant and three co-actors pulled over in a stolen Mazda on the 2400 block of Farwell Avenue on the East Side of Milwaukee. The group exited the Mazda and approached AV-1, who was in his black Mercedes CLA with his friend. The defendant pointed his gun at AV-1 and demanded that they get out of the car and hand over the keys. Fearing for his life, AV-1 complied with the demand. One of the subjects drove away in AV-1's Mercedes and the other three fled in the stolen Mazda. AV-1 identified the defendant in a photo array as the gunman. The Mercedes was later recovered near N. 23rd and Capitol, about 4.5 miles northwest of the carjacking scene.

2

The next day, January 30, 2024, shortly before 5:00 p.m., AV-2 finished work and got into his Infiniti Q50 that was parked in downtown Milwaukee, near N. 2nd and Plankinton where the streets and sidewalks were busy with motorists and pedestrians. Just after he got in the driver's seat, AV-2 heard tapping on his window and looked to his left to see the defendant with two guns (one in each hand), pointing one of them at him, and ordering him to get out of the car. Fearing for his life, AV-2 complied and got out of the car, handing over his keys. The defendant fled in AV-2's Infiniti, while his co-defendant Jabari Griffin and other passengers fled in the stolen Mazda.

MPD spotted the Infiniti soon after and attempted a traffic stop. The defendant was the driver and refused to pull over, initiating a high-speed chase for almost six miles through residential neighborhoods, reaching speeds of 90 mph. The defendant ultimately crashed the Infiniti into a tree near 82nd and Burleigh, totaling the car and causing life-threatening injuries to everyone inside.[1] Three young female passengers, ranging from age 14 to 20, were all seriously injured. Injuries included a broken neck, dislocated hip, broken leg, broken jaw, and broken pelvis. The defendant and co-defendant Griffin were also injured. The defendant had a gun in his waistband and two additional guns were found in the totaled car. Some photos of the crash and the guns are below.

---

[1] https://www.fox6now.com/news/milwaukee-police-chase-crash-2-accused-face-multiple-charges; https://www.cbs58.com/news/large-police-presence-at-scene-of-crash-near-82nd-and-burleigh;

3

Case 2:24-cr-00078-BHL    Filed 02/26/25    Page 3 of 8    Document 50






Both AV-1 and AV-2 were impacted by the defendant's crimes. While AV-1 did not choose to write a victim impact statement, AV-1 did share his thoughts with the undersigned AUSA and Victim Witness Specialist Katie Wozniak via phone. AV-1 said that the crime caused him a great deal of emotional damage. AV-1 said that he was so affected by the crime and felt so unsafe that he chose to relocate to a new state.

AV-2 provided a written victim impact statement (PSR ¶ 21). AV-2 described not only the numbness, fear, and anxiety he has but also the effect that the defendant's crime

4

has had on his wife and children, and their worry that their father and husband won't return home from work at the end of the day. In addition to the emotional trauma that he and his family have suffered, his car was totaled. The restitution amount is detailed in PSR ¶ 20.

As AV-2 accurately wrote in his victim impact statement, carjackings are an "epidemic" in Milwaukee (PSR ¶ 21).[2] In recent years, there is a startling trend of young men committing armed carjacking, terrorizing the community. The defendant is one of these young men. On top of the already serious nature of the armed carjackings, the defendant committed another crime that has plagued the city of Milwaukee: reckless driving.[3] The defendant's high-speed police chase easily could have killed everyone in that stolen car (including himself), as well as other innocent citizens on the streets and sidewalks of Milwaukee. The nature of these crimes is extremely serious and warrant a significant period of imprisonment.

B. *History and Characteristics of the Defendant*

These crimes were hardly the defendant's first brush with the law. Paragraphs 56-64 of the PSR detail the defendant's criminal history. There is a glaring pattern: stealing cars, fleeing from police, and non-compliance with court-ordered bail and supervision conditions. In 2016 at age 16, the defendant was adjudicated delinquent after stealing a car (PSR ¶ 56). Less than a year later and while on supervision for that offense, the

---

[2] https://www.jsonline.com/story/news/crime/2024/05/28/carjackings-increase-as-car-thefts-decline-in-milwaukee/73132433007/; https://www.tmj4.com/news/local-news/crisis-on-the-rise-in-the-city-of-milwaukee-armed-carjackings
[3] https://www.jsonline.com/story/news/local/milwaukee/2025/02/24/milwaukee-county-oks-plan-to-combat-reckless-driving-traffic-deaths/80038561007/; https://www.fox6now.com/news/milwaukee-reckless-driving-group-hopes-curb-issue

5

defendant landed his first adult (felony) convictions for operating a stolen car and fleeing from the police (PSR ¶ 57).

Just *one week* after being put on probation, the defendant was arrested and later convicted for again operating a stolen car (PSR ¶ 58). There, the defendant was a passenger in the stolen car that his co-actor drove, fled from police, and crashed into a utility pole. He was placed on more probation after a short 20 days of conditional jail time. Despite the 2021-2023 revolving door of short jail stints, bail conditions, and probation, the defendant was again arrested on January 20, 2023, and charged in state court for operating a stolen vehicle and fleeing from the police, almost running over two pedestrians (PSR ¶ 63). On August 16, 2023, the defendant posted $250 cash bail and was back in the community, now on bail conditions *and* supervision with the Wisconsin State Department of Corrections. Less than six months later, the defendant committed the crimes for which he is being sentenced by this Court.

Up until the present, the defendant has shown that he has little respect for the law and was not sufficiently deterred by any of his previous sentences. His conduct in the instant case cannot be viewed in a vacuum. It must be viewed in the context of his multiple, escalating choices to engage in violent and dangerous criminal conduct.

To his credit, the defendant accepted responsibility with this Court early on. That speaks in his favor, as do some other factors such as the consistent support of his mother (PSR ¶¶ 68-75) and his plan to obtain his HSED while in custody (PSR ¶ 20). The defendant will be 19 years old when he is sentenced by this Court, but he will still be a young man when he is released from prison - likely in his late 20s or early 30s. He will

6

still have a long life to live and the opportunity to lead a life of steady employment and pro-social behavior. The defendant's life is far from over and the government sincerely hopes that the defendant chooses to make better choices for himself and the public once released back into the community.

## III. Conclusion

The government does not take its recommendation to sentence a 19-year-old young man to a lengthy prison sentence. However, when considering the statutory factors in § 3553(a) and the Advisory Guidelines, it is clear that such a sentence is necessary to punish him, deter him from future criminal conduct, and protect the community. Based on the totality of the information above, particularly the circumstances of his offenses, his characteristics and history, the need to promote respect for the law, and the need to ensure adequate deterrence, the government respectfully requests that this Court sentence the defendant to a total of 171 months' imprisonment.

Respectfully submitted this 26th day of February, 2025, at Milwaukee, Wisconsin.

    Respectfully submitted,

    RICHARD G. FROHLING
    Acting United States Attorney

By:   *s/ Abbey M. Marzick*
    ABBEY M. MARZICK
    Assistant United States Attorney
    Wisconsin State Bar No.: 1087215
    Office of the United States Attorney
    Eastern District of Wisconsin
    517 East Wisconsin Avenue, Room 530

Milwaukee, Wisconsin 53202
E-Mail: Abbey.Marzick@usdoj.gov